O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JURLEAN McGINNIS POLIDORE, | ) | Case No. EDCV 05-816-JTL |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PROCEEDINGS**

On August 29, 2005, Jurlean McGinnis Polidore ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of her application for social security disability and supplemental security income. On September 15, 2005, the parties filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on May 5, 2006, defendant filed an Answer to Complaint. On July 17, 2006, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

**BACKGROUND**

On March 2, 2000, plaintiff filed an application for disability insurance benefits. (Administrative Record ["AR"] at 102-04). Plaintiff asserted in her application that, beginning on November 6, 1997, she was unable to work because she suffered from the following impairments: moderate to severe pain beginning in the base of her neck and radiating all the way down from the mesidal scapular border to her shoulders, forearms, and little fingers; pain in both palms; burning pain in her thumbs; inability to look up or down for extended periods of time; tingling and numbness in both upper extremities, which are severe at night; tiring in her right upper extremities; and pain while lifting over 20 pounds. (AR at 118). The Commissioner denied plaintiff's application for benefits, both initially and upon review. (AR at 71-76, 79-83). Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 84).

On June 5, 2001, ALJ F. Keith Varni conducted a hearing in San Bernardino, California. (AR at 27-52). Plaintiff appeared without counsel and testified. (AR at 29-52). Thereafter, plaintiff obtained counsel and appeared and testified at a second hearing on February 12, 2002. (AR at 56-69).

On March 6, 2002, ALJ Varni issued his decision denying benefits ("2002 Decision"). (AR at 10-17). In his decision, the ALJ concluded that plaintiff suffered from a severe impairment of the musculoskeletal system. (AR at 16). According to the ALJ, however, the impairment, either individually or in combination with other less severe impairments, did not meet or equal any of the criteria contained in the Commissioner's Listing of Impairments, 20 C.F.R.

Section 404, Subpart P, Appendix 1. (AR at 16). ALJ Varni determined that plaintiff maintained the residual functional capacity to perform light work. (Id.). ALJ Varni also found that the plaintiff's allegations of disabling limitations were not credible. (AR at 14-16). Ultimately, ALJ Varni found that plaintiff was not disabled pursuant to the Social Security Act. (AR at 17). On April 3, 2002, plaintiff timely filed a request with the Appeals Council for review of ALJ Varni's decision. (AR at 5). After the Appeals Council affirmed ALJ Varni's decision (AR at 3-4), plaintiff appealed the matter to the United States District Court.

    On April 3, 2002, while plaintiff's first application for benefits was pending before the Appeals Council, plaintiff filed a second application for disability insurance benefits. (AR at 604-07). Plaintiff asserted that, beginning on August 5, 1998, she was unable to work because she suffered from the following impairments: moderate to severe pain beginning in the base of her neck and radiating all the way down from the mesidal scapular border to the shoulders, forearms, and little fingers; pain in both palms; burning pain in her thumbs; inability to look up or down for extended periods of time; tingling and numbness in both upper extremities; tiring in her right upper extremities; pain while lifting over ten to twenty pounds; and visual migraines. (AR at 615). The impairments plaintiff listed in this application were nearly identical to the impairments plaintiff claimed in her March 2, 2000 application. The Commissioner denied plaintiff's application for benefits, both initially and upon review. (AR at 568-72, 578-81). Plaintiff then requested a hearing before an ALJ. (AR at 588).

On June 2, 2003, ALJ John W. Belcher conducted a hearing in San Bernardino, California based on plaintiff's second application for benefits. (AR at 925-54). Plaintiff appeared with counsel and testified. (AR at 928-43). Sami Nafoosi, a medical expert, also appeared and testified. (AR at 943-50). Corrine J. Porter, a vocational expert, appeared but did not testify. (AR at 925). On June 23, 2003, ALJ Belcher issued a decision finding plaintiff had been disabled since October 1, 2000 and awarded her benefits ("2003 Decision"). (AR at 574-77).

On January 15, 2004, the District Court remanded the 2002 Decision for further proceedings to allow ALJ Varni to fully consider the relevant evidence regarding plaintiff's physical impairments, including plaintiff's testimony and an examining physician's opinion. (AR at 349-74). Accordingly, on August 18, 2004, the Appeals Council issued an order vacating the 2002 Decision and remanding the case to ALJ Varni pursuant to the District Court's January 15, 2004 order. (AR at 377).

In accordance with the Remand Order, ALJ Varni conducted a hearing in San Bernardino, California on April 1, 2005. (AR at 897-924). Plaintiff appeared at the hearing with counsel and testified. (AR at 900-20). Joseph Mooney, a vocational expert, also appeared and testified. (AR at 920-22). On May 24, 2005, ALJ Varni issued his decision denying benefits ("2005 Decision"). (AR at 316-28). In his decision, the ALJ concluded that plaintiff suffered from severe impairments in the musculoskeletal system. (AR at 318). But ALJ Varni then determined that this impairment did not meet or equal any of the criteria contained in the Commissioner's Listing of

4

Impairments, 20 C.F.R. Section 404, Subpart P, Appendix 1. (AR at 318). The ALJ found that, based upon plaintiff's residual functional capacity, plaintiff retained the capacity to perform a significant range of light work. (AR at 328). Ultimately, ALJ Varni found that plaintiff was not disabled pursuant to the Social Security Act. (Id.).

In his 2005 Decision, ALJ Varni also reopened the case involving plaintiff's second application for benefits and revised the 2003 Decision. (AR at 316). ALJ Varni found that ALJ Belcher committed error in granting disability as of October 1, 2000 because the earliest date that disability could have been found was March 2, 2002, the day after the 2002 Decision. (AR at 317). The ALJ also found that ALJ Belcher had erred by relying on an internist medical advisor to evaluate a strictly orthopedic problem, and that evidence in the record, including a consultative orthopedic examination, established that a grant of benefits was contrary to law and fact. (Id.). Plaintiff filed a timely request with the Appeals Council for review of the 2005 Decision. (AR at 312).

**PLAINTIFF'S CONTENTIONS**

Plaintiff makes the following claims in the Joint Stipulation:

1. ALJ Varni erred in holding that ALJ Belcher wrongly reopened the 2002 unfavorable decision.

2. ALJ Varni failed to properly apply the "medical improvement" standard prior to concluding that plaintiff was no longer disabled.

///

///

**STANDARD OF REVIEW**

Under 42 U.S.C. Section 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

**DISCUSSION**

**A.   The Sequential Evaluation**

The Commissioner has established a five-step sequential process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920 (1991); Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). At step one, disability benefits are denied if the Commissioner determines that the claimant is engaged in substantial gainful activity. Id. at 140. At step two, the Commissioner evaluates whether the claimant has a medically severe impairment which significantly limits his physical or mental ability to do basic work

6

activities.  Bowen, 482 U.S. at 140-41.  Step three requires the consideration of whether the claimant's impairment is equivalent to one of a number of listed impairments that are so severe as to preclude substantial gainful activity.  Id. at 141.  If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled.  Bowen, 482 U.S. at 141.  If the impairment is not one that is conclusively presumed to be disabling, step four of the evaluation determines whether the impairment prevents the claimant from performing work he has performed in the past.  Id.  If the claimant cannot perform his past work, the fifth and final step determines whether he is able to perform other work in the national economy in light of his age, education and work experience.  Id. at 142.  The claimant is entitled to disability benefits only if he is not able to perform such work.  Id.

**B.   ALJ Varni's Finding that ALJ Belcher Wrongly Reopened the 2002 Decision**

Plaintiff contends that ALJ Belcher had good cause for reopening the 2002 Decision.[1]  Specifically, plaintiff noted that ALJ Belcher had the benefit of more recent medical records, which indicated that plaintiff's condition was more severe than previously assessed. (Joint Stip. at 4).  Thus, plaintiff argues, ALJ Varni erred in holding that ALJ Belcher wrongly reopened the 2002 Decision.  As noted below, the Court disagrees.

A social security case may be opened for good cause.  20 C.F.R. § 404.989.  20 C.F.R. § 404.989 states:

---

[1] The Commissioner argues that ALJ Belcher did not "reopen" ALJ Varni's March 2002 Decision because ALJ Belcher was not even aware of the decision.  (A.R, at 4).

> (a) We will find that there is good cause to reopen a determination or decision if -
>
> > (1) New and material evidence is furnished;
> >
> > (2) A clerical error in the computation or recomputation of benefits was made; or
> >
> > (3) The evidence that was considered in making the determination or decision clearly shows on its face that an error was made.
>
> (b) We will not find good cause to reopen your case if the only reason for reopening is a change of legal interpretation or administrative ruling upon which the determination or decision was made.

20 C.F.R. § 404.989. Plaintiff claims that ALJ Belcher's reference to recently submitted medical records indicating a severe medical condition constituted good cause. (Joint Stip. at 4). As such, plaintiff contends that ALJ Belcher properly could have reopened the case. (Id.)

The Court disagrees with plaintiff's characterization of ALJ Varni's 2005 Decision. First, ALJ Varni did not find that ALJ Belcher improperly reopened the case involving the March 2, 2000 application. Rather, ALJ Varni noted that ALJ Belcher seemed unaware that the case involving the March 2, 2000 application with nearly identical claims existed and was pending on appeal. (AR at 317). Instead of stating that ALJ Belcher wrongly reopened the 2000 case, ALJ Varni found that good cause existed to reopen the case based on plaintiff's April 3, 2002 application. ALJ Varni clearly stated, "[] I note that good cause exists to reopen and revise this decision dated June 23, 2003, since the evidence that was considered in making this decision clearly

8

shows on it's [sic] face that en error was made []." (AR at 316-17). ALJ Varni reopened the 2003 Decision based on three grounds: (1) the earliest date that disability could be found was March 7, 2002, the day after the 2002 Decision; (2) ALJ Belcher did not appear to be aware of the 2002 Decision, as he did not reference it in his decision; and (3) ALJ Belcher relied on a medical advisor to evaluate an orthopedic problem. (AR at 317). In addition to the aforementioned errors, ALJ Varni relied upon newly submitted evidence when rendering his 2005 Decision, namely a Complete Orthopedic Evaluation conducted on January 5, 2005 by Bunsri Sophon, M.D. The Court finds that pursuant to 20 C.F.R. § 404.989, ALJ Varni had good cause to reopen the case involving the 2003 Decision. (AR 396-401).

**C.   Application of the "Medical Improvement" Standard**

In her second claim, plaintiff contends that ALJ Varni failed to properly apply the "medical improvement" standard prior to concluding that plaintiff was no longer disabled. Plaintiff claims that ALJ Varni erred in his 2005 Decision by evaluating the case as if it were a new claim for benefits rather than the cessation of existing benefits under the medical improvement standard. (Joint Stip. at 6). As discussed below, the Court disagrees.

20 C.F.R. § 404.987 provides that the Commissioner may reopen a final determination and revise the decision. 20 C.F.R. § 404.987(b). A determination or decision may be reopened within four years of the date of the initial determination for good cause. 20 C.F.R. § 404.988(b). As previously described, good cause to reopen a case includes new and material evidence, a clerical error in the computation or recomputation of benefits, or the evidence that was considered in making the determination or decision clearly shows on

9

its face that an error was made. 20 C.F.R. § 404.989(a).

Title 42, United States Code, Section 423(f) provides the standard of review for the termination of disability benefits. 42 U.S.C. § 423(f). Under the statute, benefits may be terminated if substantial evidence exists that there has been medical improvement in the claimant's condition and the claimant is now able to engage in substantial gainful activity. 42 U.S.C. § 423(f)(1). Plaintiff contends that ALJ Varni erred by failing to apply this medical improvement standard when he terminated the disability benefits awarded to plaintiff in the 2003 Decision.[2]

The Court agrees with defendant that the medical improvement standard does not apply to the instant case. Here, the Commissioner did not invoke 42 U.S.C. § 423(f) by terminating plaintiff's benefits. Rather, ALJ Varni reopened the 2003 Decision based on good cause, namely, that ALJ Belcher did not mention and did not appear to know that ALJ Varni denied benefits in his 2002 Decision, for which an appeal was pending. Additionally, new evidence existed in the form of an orthopedic evaluation. (AR 396-401). Once ALJ Varni reopened the

---

[2] Plaintiff also cites to 20 C.F.R. § 404.1594, which provides that the Social Security Administration ("SSA") periodically reviews the cases of persons entitled to disability benefits to determine if there should be continued entitlement. 20 C.F.R. § 404.1594(a). Specifically, the SSA considers whether plaintiff has had any medical improvement relating to his or her ability to work. Id. Medical improvement is defined as "any decrease in the medical severity of [the claimant's] impairment(s) which was present at the time of the most recent favorable medical decision that [the claimant was] disabled or continued to be disabled. A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with [the claimant's] impairment(s)." 20 C.F.R. § 404.1594(b)(1).

10

case, ALJ Belcher's 2003 Decision was no longer binding and ALJ Varni was not terminating benefits under § 423(f). Thus, ALJ Varni need not apply the medical improvement standard.

Plaintiff also contends that ALJ Varni failed to discuss the testimony of the medical expert, Sami Nafoosi, M.D., that plaintiff's impairments equaled a listing. Instead, plaintiff notes, ALJ Varni relied on the opinion of consultative examiner, Bunsri Sophon, M.D., who reviewed "only 2 pieces of evidence" and not the "hundreds of pages of treatment notes that clearly document the severity of Plaintiff's condition." (Joint Stip. at 11-12). Plaintiff also complains that ALJ Varni did not expressly discuss Dr. Nafoosi's testimony. But Dr. Nafoosi's testimony that plaintiff's impairments equaled listing 1.04(a) addressed only one element of the listing - the existence of nerve root compression. (AR at 946). In contrast, ALJ Varni found that plaintiff's impairments did not meet or equal a listed impairment and he discussed at length the medical evidence to support his conclusion. (AR at 318-24). Furthermore, while ALJ Varni gave Dr. Sophon's opinion the "greatest weight," he also cited to plaintiff's treating records, which showed plaintiff's condition had improved with treatment. (AR at 318-20). He accorded limited weight to (1) the opinion of Laurence Meltzer, M.D., a consultative orthopedist, who suspected some malingering (AR at 320); and (2) the opinion of Theodore Sawyer, M.D., who conducted a neurosurgical evaluation and suggested that plaintiff was capable of work. (AR at 321). But the opinions of Drs. Sophon, Meltzer, and Sawyer, upon which ALJ Varni relied, constituted substantial evidence that supported the ALJ's decision.

Accordingly, the Court finds that ALJ Varni committed no error in

1  failing to apply the medical improvement standard.

3  **ORDER**

4  After careful consideration of all documents filed in this matter, this Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the proper legal standards.  The Court, therefore, AFFIRMS the decision of the Commissioner of Social Security Administration.

9  **LET JUDGMENT BE ENTERED ACCORDINGLY**

10  DATED: November 27, 2006

JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE